**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROSETTA STEWART,**

    **Plaintiff,**

**v.**                                                   **Case No.  8:08-cv-812-T-30TGW**

**BROWN & WILLIAMSON TOBACCO**
**CORPORATION, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Publix Super Markets, Inc.'s ("Publix") Motion to Dismiss and Incorporated Memorandum of Law in Support (Dkt. 10). Despite being granted an extension, Plaintiff has failed to timely respond to the motion. The Court, having thus considered the motion and supporting memorandum without the benefit of a response, and being otherwise fully advised in the premises, determines the motion should be granted.

On December 26, 2007, Plaintiff Rosetta Stewart ("Plaintiff"), as Personal Representative of the Estate of George Alfred Stewart, filed this action for wrongful death in state court. Plaintiff seeks relief under the Florida Wrongful Death Act arising from the decedent's use of tobacco products. Plaintiff alleges that tobacco products manufactured by co-defendants and sold by Publix to the decedent were defective, unreasonably dangerous, and the proximate cause of the decedent's death. Plaintiff also claims to be a member of the

class decertified by the Florida Supreme Court in Engle v. Liggett Group, Inc., 945 So. 2d 1246 (Fla. 2006).[1]

On April 28, 2008, Defendants Philip Morris USA Inc., Lorilland Tobacco Company, and R.J. Reynolds Tobacco Company removed the action to this Court. The removing defendants argued this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In their Notice of Removal, the removing defendants recognized that Publix is incorporated under Florida law with its principal place of business located in the State of Florida. The removing defendants argued that Plaintiff's claims against Publix are barred by Florida's statute of limitations. As a result, the removing defendants argued Publix was fraudulently joined to this action, and that its presence neither destroys diversity nor precludes removal. As of the date of this Order, Plaintiff has not moved to remand this case to state court.

Publix now moves for dismissal from this action, arguing Plaintiff's claims are barred by Florida's statute of limitations. Generally, "a statute of limitations defense is an affirmative defense that must be pled." Foster v. Savannah Communication, 140 Fed. Appx. 905, 907 (11th Cir. 2005) (citing Fed.R.Civ.P. 8(c)). However, "failure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim for which relief may be granted under Fed.R.Civ.P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." Id.

---

[1] In Engle, a class-action lawsuit brought by Florida smokers and their survivors, the Florida Supreme Court made a number of findings regarding the effects of cigarette smoking on human health. Engle, 945 So. 2d at 1276-77. The Court, however, decertified the class and permitted the individual plaintiffs to proceed individually with its findings, to be given res judicata effect in any subsequent trial between the individual class members and the defendants. Id. at 1277.

In the instant case, Plaintiff's failure to comply with the statute of limitations is plain on the face of her Complaint. Plaintiff alleges the decedent died on January 24, 2005. Pursuant to Florida law, causes of action for wrongful death accrue on the date of death, <u>Fulton County Adm'r v. Sullivan</u>, 753 So. 2d 549, 552 (Fla. 1999), and are subject to a two-year limitations period. <u>See</u> Fla. Stat. § 95.11(4)(d). Plaintiff's wrongful death claim was brought against Publix on December 26, 2007, almost three years after the decedent's death. As Plaintiff's claim accrued more than two years before she filed this action, her claim is time-barred and subject to dismissal. Moreover, as Publix was not a defendant in the <u>Engle</u> case, the one-year filing deadline provided by the Florida Supreme Court in <u>Engle</u> cannot save Plaintiff's time barred claim against Publix.[2]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Publix Super Markets, Inc.'s Motion to Dismiss (Dkt. 10) is GRANTED.

2. Count III of Plaintiff's Complaint is DISMISSED. Publix Super Markets, Inc., is DISMISSED from this action with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on September 4, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-812.mtd.frm

---

[2]The Court declines to address whether the one-year filing deadline in <u>Engle</u> applies to Plaintiff's claims against the other defendants in this action as that issue is not currently before the Court.